Patric A. Lester (SBN 220092)
pl@lesterlaw.com
**Lester & Associates**
5694 Mission Center Road, #385
San Diego, CA 92108
Phone: (619) 665-3888
Fax: (314) 241-5777

Scott M. Grace (SBN 236621)
sgrace@lawlh.com
**Luftman, Heck & Associates, LLP**
1958 Sunset Cliffs Blvd.
San Diego, CA  92107
Phone: (619) 346-4612
Fax:  (619) 923-3661

Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARK C. BOON,<br><br>                    Plaintiff,<br><br>    vs.<br><br>PROFESSIONAL COLLECTION CONSULTANTS,<br><br>                    Defendant. | Case No.  '12 CV 3081  H  WMc<br><br>COMPLAINT |

## INTRODUCTION

1.      This is an action for actual damages, statutory damages, attorney fees and costs brought by an individual consumer, Mark C. Boon, (hereinafter "Plaintiff") against Professional Collection Consultants (hereinafter "Defendant") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA")[1], and the Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788, *et seq.* (hereinafter "the Rosenthal Act")[2], which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2.      Jurisdiction arises pursuant to 28 U.S.C. § 1391, 1337, 15 U.S.C. §1692(k)(d), and 28 U.S.C. §1367 for supplemental state claims.

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

---

[1] All undesignated section references to §1692 are to the FDCPA
[2] All undesignated section references to Section 1788 are to the Rosenthal Act

**THE PARTIES**

4.     Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5.     Plaintiff is a natural person residing in San Diego, California, and is a "consumer" within the meaning of § 1692a(3) of the FDCPA, in that he is a natural person purportedly obligated to pay a credit card debt, owed to Chase Bank USA NA, (hereinafter "Debt") and a "debtor" as that term is defined by section 1788.2(h) of the Rosenthal Act.

6.     At all times relevant herein, Defendant, was a company engaged, by use of the mails and/or telephone in the business of collecting debts, as defined by §1692a(5) of the FDCPA, and consumer debts as defined by section 1788.2(f) of the Rosenthal Act. Defendant regularly attempts to collect debts as previously defined and alleged to be due another and is therefore a debt collector within the meaning of § 1692a(6) of the FDCPA and section 1788.2(c) of the Rosenthal Act. Defendant does business in the state of California, and committed the acts that form the basis for this suit in the state of California, and the Southern District of California. This Court has personal jurisdiction over Defendant for purposes of this action.

**FACTUAL ALLEGATIONS**

7.     At all times herein, Defendant, was attempting to collect the debt from Plaintiff, that debt was a debt as defined by §1692a (5) of the FDCPA.

8.     At all times herein, Defendant, was attempting to collect the debt, from Plaintiff, that debt was a consumer debt as defined by section 1788.2(f) of the Rosenthal Act.

9.     All of the acts allegedly committed by Defendant occurred on or after January 3, 2012.

10.     On January 3, 2012, Defendant filed suit against Plaintiff in the Superior Court of California, Contra Costa County in the cause captioned as *Professional Collection Consultants v. Mark C. Boon*; Case No.: L12-00024, (hereinafter "SCA").

11.     These were communications within the meaning of §1692a(2) of the FDCPA.

12.     Defendant alleged in the SCA that "Chase Bank USA, NA is the original creditor for the claim that this action is based"; "Said claim was subsequently assigned to Plaintiff by Wireless

1    Receivables Acquisition Group LLC." (SCA p.2)

2        13.    Defendant alleged that the claims were "on an open book account for money due",

3    "because an account was stated in writing by and between plaintiff and defendant to which it was

4    agreed that defendant was indebted to plaintiff", "plus prejudgment interest at the rate of 10%" and

5    "Plaintiff is entitled to attorneys fees by agreement or statue." (SCA p.3)

6        14.    Chase Bank USA, NA, was at all relevant times, a national banking association with its

7    principal offices located at: 200 White Clay Center Drive, Newark, Delaware 19711.

8        15.    Plaintiff is informed and believes, and thereon alleges, that the Visa Credit Agreement

9    between Plaintiff and Chase Bank USA, NA, states in relevant part as follows:

10   **Law That Applies. The laws of the United States of America and the State of Delaware apply to this Agreement and to your use of your Card, your Checks, and your Account.**

11

12       16.    Pursuant to *10* Del. Code § 8106, the Delaware statute of limitations for breach of a

13   credit card agreement, as well as, open book and account stated is three years.

14       17.    The last payment on the debt was February 12, 2008, the date which the cause of actions

15   in the SCA accrued.

16       18.    February 12, 2008 is more than three years from the filing of the SCA.

17       19.    Defendant's claims against Plaintiff accrued more than three years prior to the filing of

18   the SCA.

19       20.    Defendant filed the SCA more than three years after the applicable statute of limitations

20   had run.

21       21.    Defendant subsequently dismissed the SCA.

22       22.    Plaintiff is informed and believes, and thereon alleges, that Defendant misrepresented

23   the legal status of the debt as actionable by suit as the debt was beyond the applicable statute of

24   limitations and therefore could not legally be sued upon.

25       23.    Defendant attempted to collect a debt that it was neither expressly authorized by the

26   agreement creating the debt nor permitted by law had no legal right to collect by filing the SCA that

27   was barred by the applicable statute of limitations in violation of §1692f. These actions also were unfair

28   and unconscionable means to attempt to collect the debt in violation of §1692f.

24.     Defendant attempted to collect the interest, and legal fees in the SCA, from Plaintiff. Defendant thereby violated §§1692f and f(1) in that Defendant was not expressly authorized by the agreement creating the debt or otherwise permitted by law, as any collection of these amounts by means of the SCA was barred by the statute of limitations. These actions also were unfair and unconscionable means to attempt to collect the debt in violation of §1692f.

25.     By these misrepresentations in connection with the collection of a debt, by means of the previously mentioned SCA, filed after the statute of limitations had expired, Defendant also violated §§ 1692d, 1692e, 1692e(2)(A), 1692e(10) and 1692f of the FDCPA.

26.     Due to Defendant's actions Plaintiff suffered further actual damages in the form of attorneys' fees and costs incurred in having to hire counsel and to defend against Defendant's untimely collection lawsuit (SCA).

27.     Because Defendant violated certain portions of the FDCPA as specifically set out herein, as these portions are incorporated by reference in the Rosenthal Act, § 1788.17, this conduct or omission also violated § 1788.17.

## FIRST CLAIM FOR RELEIF

### (Violations of the FDCPA)

28.     Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in the preceding paragraphs.

29.     Defendant violated the FDCPA. The violations include, but are not limited to, the following:

(1)     using misrepresentations or means in connection with the collection a the debt, by means of the previously mentioned SCA, in violation of §§ 1692e, 1692e(2)(A), and 1692e(10);

(2)     attempting to collect an amount which was not expressly authorized by agreement or permitted by law, by means of the previously mentioned SCA, in violation of §§ 1692f and f(1);

30.     As a result of the Defendant's actions, Plaintiff is entitled to actual damages, statutory damages, attorney's fees and costs of this action.

## SECOND CLAIM FOR RELEIF

### (Claim for violations of the Rosenthal Act)

31.     Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in the paragraphs preceding the First Claim for Relief.

32.     Defendant's acts and omissions violated the Rosenthal Act including, but not limited to section 1788.17. Defendant's violations of section 1788.17 of the Rosenthal Act (which incorporates several of the provisions of the FDCPA) include, but are not limited to those enumerated in the above First Claim for Relief.

33.     Plaintiff is entitled to statutory damages of $1000.00 under section 1788.30(b) for Defendant's violations, as enumerated above, of section 1788.10(e).

34.     Pursuant to section 1788.32, the remedies provided under sections 1788.30(b) and 1788.17 are intended to be cumulative and in addition to any other procedures, rights or remedies that Plaintiff may have under any other provision of law.

35.     Defendant's violations of the Rosenthal Act were willful and knowing, thereby entitling Plaintiff to statutory damages pursuant to section 1788.30(b) of the Rosenthal Act.

36.     Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the debt.

37.     As a proximate result of the violations of the Rosenthal Act committed by Defendant, Plaintiff is entitled to any actual damages, statutory damages, reasonable attorney's fees and costs of this action.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and for Plaintiff, and pray for the following relief:

1.     An award of actual damages pursuant to § 1692k(a)(1) of the FDCPA and section 1788.30(a) of the Rosenthal Act;

2.     An award of statutory damages of $1,000.00 pursuant to §1692k(a)(2)(A) of the FDCPA;

3.     An award of statutory damages of $1,000.00 pursuant to §1788.30(b) of the

1    Rosenthal Act for violation of section 1788.17 of the Rosenthal Act;

2        4.    An award of costs of litigation and reasonable attorney's fees, pursuant to

3    §1692k(a)(3) of the FDCPA and section 1788.30(c) of the Rosenthal Act;

4        5.    Such other and further relief this court may deem just and proper.

5    ## TRIAL BY JURY

6        1.    Pursuant to the seventh amendment to the Constitution of the United States of America,

7    Plaintiff is entitled to, and demands, a trial by jury.

8

9    Dated December 31, 2012        **Lester & Associates**

10           By    *s/ Patric A. Lester*

        Patric A. Lester

11           Attorney for Plaintiff,

        E-mail: pl@lesterlaw.com