| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| MARK C. BOON, | CASE NO. 12-CV-03081-H (WMC) |
|---|---|
| Plaintiff, | |
| vs. | **ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND** |
| PROFESSIONAL COLLECTION CONSULTANTS, | |
| Defendant. | |

On July 5, 2013, Defendant Professional Collection Consultants ("Defendant" or "PCC") filed a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. No. 13.) On July 21, 2013, Plaintiff Mark C. Boon ("Plaintiff" or "Boon") filed his opposition. (Doc. No. 14.) On July 26, 2013, Defendant filed its reply in support of the motion. (Doc. No. 15.) On July 30, 2013, the Court vacated the hearing and submitted the matter on the papers pursuant to Local Civil Rule 7.1(d)(1). (Doc. No. 16.) For the following reasons, the Court grants the motion to dismiss the complaint.

///
///
///
///

**Background**

On February 6, 2012, Defendant PCC filed a lawsuit in California state court against Plaintiff (the "state action") to collect a debt. (Doc. No. 11 ("FAC") ¶ 8.) In that case, PCC alleged Plaintiff defaulted on an account with Chase Bank USA, NA ("Chase"), and that Chase had subsequently assigned the claim to PCC. (Id. ¶¶ 8, 10, 11.) Plaintiff asserts the statute of limitations had run on Plaintiff's debt by the time PCC filed suit. (Id. ¶¶ 13-18.) On October 18, 2012, PCC voluntarily dismissed the case against Plaintiff. (Id. ¶ 19.)

On June 18, 2013, Plaintiff filed a first amended complaint in this Court against Defendant, alleging causes of action under the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq., and California's Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act" or "RFDCPA"), Cal. Civ. Code §§ 1788, et seq. Plaintiff alleges PCC brought the state action after the statute of limitations on Plaintiff's debt had run, and that the lawsuit therefore constituted improper debt collection in violation of the FDCPA and RFDCPA. Defendant does not concede the statute of limitations issue, and moves to dismiss the lawsuit.

**Discussion**

**I.    Legal Standard on a 12(b)(6) Motion to Dismiss**

A motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). A complaint generally must satisfy only the minimal notice pleading requirements of Federal Rule of Civil Procedure 8(a)(2) to evade dismissal under a Rule 12(b)(6) motion. Porter v. Jones, 319 F.3d 483, 494 (9th Cir. 2003). Rule 8(a)(2) requires that a pleading stating a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed R. Civ. P. 8(a)(2). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and

a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting id. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235–36 (3d ed. 2004)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Hartmann v. Cal. Dept. of Corr. & Rehab., 707 F.3d 1114, 1122 (9th Cir. 2013) (quoting Iqbal, 556 U.S. at 678). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).

## II. FDCPA and RFDCPA

Plaintiff alleges that Defendant's conduct violated sections 1692e, 1692e(2)(A), 1692e(10), and 1692f, and 1692(f)(1) of the FDCPA, and section 1788.17 of the RFDCPA.[1] (FAC ¶ 27.) Congress enacted the FDCPA, in part, "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692. Section 1692e of the FDCPA prohibits a debt collector from using false, deceptive or misleading representations in connection with the collection of a debt. 15 U.S.C. § 1692e. In particular, §§ 1692e(2)(A) and -e(10) prohibit the "false representation of . . . the character, amount, or legal status or any debt" and the "use of any false representation

---

[1] Plaintiff states that Defendants' conduct constitutes numerous and multiple violations of the FDCPA that "include, but are not limited to" violations of §§ 1692e, 1692e(2)(A), 1692e(10), 1692f, and 1692(f)(1) of the FDCPA. (FAC ¶ 27.) Because the "including, but not limited to" language fails to put Defendant on notice of the other claims being asserted against it, the Court concludes that Plaintiff has failed to allege FDCPA violations based on certain statutory provisions not specifically listed in the first amended complaint. See, e.g., Fortaleza v. PNC Financial Services Group, Inc., 642 F. Supp. 2d 1012, 1019-20 (N.D. Cal. 2009); Winter v. Chevy Chase Bank, Case No. 09-3187, 2009 WL 3517619, at *5 (N.D. Cal. Oct. 26, 2009).

or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." Id. §§ 1692e(2)(A), (10). Section 1692f prohibits the use of "unfair or unconscionable means to collect or attempt to collect of any debt," and in particular "[t]he collection of any amount" that is not "expressly authorized by the agreement creating the debt or permitted by law." Id. § 1692f(1).

California's version of the FDCPA, called the Rosenthal Act or RFDCPA, "mimics or incorporates by reference the FDCPA's requirements . . . and makes available the FDCPA's remedies" as independent violations. Riggs v. Prober & Raphael, 681 F.3d 1097, 1100 (9th Cir. 2012) (citing Cal. Civ. Code § 1788.17). Plaintiff alleges that Defendant violated section 1788.17 because it violated the identified provisions of the FDCPA. (FAC ¶ 30.)

Plaintiff's sole allegation in the complaint is that Defendant engaged in unfair debt collections practices by suing Plaintiff to collect a debt allegedly after the statute of limitations had run. Plaintiff's basis for the allegation is a choice of law provision Plaintiff alleges was present in Plaintiff's contract with Chase. The provision states the following:

> Law That Applies. The laws of the United States of America and the State of Delaware apply to this Agreement and to your use of your Card, your Checks, and your Account.

(FAC ¶ 13.) Plaintiff claims that the provision establishes that the Delaware statute of limitations of three years for breach of a credit card agreement, see 10 Del. Code. § 8106, applied to Plaintiff's contract with Chase, and that Defendant's lawsuit on the contract occurred after the three-year period had run. Defendant points out that the contract language includes "the laws of the United States of America."

Plaintiff's allegations are insufficient to state a claim under the FDCPA or RFDCPA. Plaintiff's bare allegations do not conclusively establish that Delaware's three-year statute of limitations applied to Defendant's state action. Defendant contends that the four-year federal statute of limitations applies to Plaintiff's contract

with Chase, bringing Defendant's debt collection action within the applicable limitations period. See Western Filter Corp. v. Argan, Inc., 540 F.3d 947, 952 (9th Cir. 2008) (noting contractual stipulations to shorten limitations periods are disfavored and "should be construed with strictness against the party invoking them"). Alternatively, Defendant argues that, even if Delaware's statute of limitations applied to Defendant's state court action, Delaware's tolling provision prevented the limitations period from running. See Saudi Basic Indus. v. Mobil Yanbu Pet., 866 A.2d 1, 18 (Del. 2005), cert. den., 546 U.S. 936 (2005) ("[T]he purpose and effect of Section 8117 is to toll the statute of limitations as to defendants who, at the time the cause of action accrues, are outside the state and are not otherwise subject to service of process in the state. In those circumstances, the statute of limitations is tolled until the defendant becomes amenable to service of process."); CACV of Colorado, LLC v. Stevens, 248 Or. App. 624, 629-39 (2012) (surveying Delaware law and tolling Delaware statute of limitations for credit card debt collection action). If either the federal statute of limitations applied or the Delaware limitations period were tolled, then Defendant's debt collection action was not outside the limitations period. Plaintiff makes no other allegations of wrongdoing and Plaintiff provides no authority to counter Defendant's assertions. Absent other allegations, Plaintiff's conclusory assertions that Defendant violated the debt collection statutes fail to state a plausible claim for relief. Iqbal, 556 U.S. at 678.

Moreover, the Court concludes that California's litigation privilege bars Plaintiff's RFDCPA claims. The California litigation privilege applies to any publication or broadcast made in any judicial proceeding. Cal. Civ. Code § 47(b). The privilege is absolute in nature and is "applicable to any communication, whether or not it amounts to a publication, and all torts except malicious prosecution." See Silberg v. Anderson, 50 Cal.3d 205, 215 (1990) (citations omitted). The litigation privilege applies to "any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the

litigation; and (4) that have some connection or logical relation to the action." Silberg, 50 Cal.3d at 212. Plaintiff's only allegation is that Defendant PCC filed a lawsuit against Plaintiff allegedly outside of the applicable statute of limitations. Defendant's conduct falls within the litigation privilege. Taylor v. Quall, 458 F. Supp. 2d 1065, 1067-69 (C.D. Cal. 2006) (dismissing RFDCPA claim based on time-barred debt suit because of litigation privilege); see also Nickoloff v. Wolpoff & Abramson, L.L.P., 511 F. Supp. 2d 1043, 1045 (C.D. Cal. 2007) (holding litigation privilege applies to RFDCPA claims); Lopez Reyes v. Kenosian & Miele, LLP, 525 F. Supp. 2d 1158, 1161-1165 (N.D. Cal. 2007) (same); Cassady v. Union Adjustment Co., No. C07-5405, 2008 WL 4773976, at *6-7 (N.D. Cal. Oct. 27, 2008) (same). Moreover, Plaintiff makes no allegations that Defendant engaged in conduct otherwise violative of the RFDCPA such that application of the litigation privilege would run afoul of the purpose of the RFDCPA. See Oei v. N. Star Capital Acquisitions, 486 F. Supp. 2d 1089, 1092, 1100 (C.D. Cal. 2006) (finding RFDCPA prevailed over litigation privilege because application in that case would have "effectively immunized conduct that the Act prohibits" such as "repeated, continuous and harassing telephone calls"). This is not an instance where Defendant engaged in otherwise prohibited debt collection practices under the guise of litigation. Based on Plaintiff's limited allegations, Defendant's conduct is shielded by the litigation privilege in this instance. See Lopez Reyes, 525 F. Supp. 2d at 1161-1165 (applying litigation privilege to RFDCPA claim where "the only allegedly wrongful debt collection practices in the . . . case occurred entirely in the context of the filing of a state court complaint to recover a debt").

The Court concludes Plaintiff fails to state a claim under either the FDCPA or RFDCPA. Accordingly, the Court grants Defendant's motion to dismiss the complaint.

///

///

///

## **Conclusion**

For the foregoing reasons, the Court grants Defendant's motion to dismiss the complaint with leave to amend. The Court grants Plaintiff 30 days from the date of this Order to file an amended complaint and cure the noted deficiencies, if he is so able.

**IT IS SO ORDERED.**

DATED: August 1, 2013

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT