Patric A. Lester (SBN 220092)
pl@lesterlaw.com
**Lester & Associates**
5694 Mission Center Road, #385
San Diego, CA 92108
Phone: (619) 665-3888
Fax: (314) 241-5777

Scott M. Grace (SBN 236621)
sgrace@lawlh.com
**Luftman, Heck & Associates, LLP**
1958 Sunset Cliffs Blvd.
San Diego, CA 92107
Phone: (619) 346-4612
Fax: (619) 923-3661

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK C. BOON,<br><br>　　　　　Plaintiff,<br>　　vs.<br>PROFESSIONAL COLLECTION CONSULTANTS,<br>　　　　　Defendant. | ) Case No. 12-cv-3081-H (WMC)<br>)<br>) SECOND AMENDED COMPLAINT<br>)<br>)<br>) DEMAND FOR JURY TRIAL<br>)<br>) |

## INTRODUCTION

1. This is an action for actual damages, statutory damages, attorney fees and costs brought by an individual consumer, Mark C. Boon, (hereinafter "Plaintiff") against Professional Collection Consultants (hereinafter "Defendant") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*.[1] (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788, *et seq*.[2] (hereinafter "the Rosenthal Act").

## JURISDICTION

2. Jurisdiction arises pursuant to 28 U.S.C. § 1391, 1337, 15 U.S.C. § 1692(k)(d), and 28 U.S.C. § 1367 for supplemental state claims.

///

---

[1] All undesignated section references to §1692 are to the FDCPA
[2] All undesignated section references to Section 1788 are to the Rosenthal Act

# THE PARTIES

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. Plaintiff is a natural person residing in San Diego, California, and is a "consumer" within the meaning of § 1692a(3) of the FDCPA, in that he is a natural person purportedly obligated to pay a credit card debt to Chase Bank USA NA, or any successor in interest to Chase Bank USA, NA, (hereinafter "Debt") and is also therefore a "debtor" as that term is defined by section 1788.2(h) of the Rosenthal Act.

5. At all times relevant herein, Defendant, was a person engaged, by use of the mails and/or telephone in the business of collecting debts, as defined by § 1692a(5) of the FDCPA, and consumer debts as defined by section 1788.2(f) of the Rosenthal Act. Defendant regularly attempts to collect debts as previously defined and alleged to be due another and is therefore a debt collector within the meaning of § 1692a(6) of the FDCPA and section 1788.2(c) of the Rosenthal Act.

6. Defendant does business in the state of California, and committed the acts that form the basis for this suit in the state of California and sued other consumers in this type of action with these violations in the Southern District of California. This Court has personal jurisdiction over Defendant for purposes of this action.

# FACTUAL ALLEGATIONS

7. At all times herein, Defendant, was attempting to collect the alleged debt from Plaintiff, that debt was a debt as defined by § 1692a (5) of the FDCPA.

8. At all times herein, Defendant, was attempting to collect the alleged debt, from Plaintiff, that debt was a consumer debt as defined by section 1788.2(f) of the Rosenthal Act.

9. On February 6, 2012, Defendant filed suit against Plaintiff in the Superior Court of California, Contra Costa County in the cause captioned as <u>Professional Collection Consultants v. Mark C. Boon</u>; Case No.: L12-00024, (hereinafter "State

Court Action").

10. The Complaint ("State Court Complaint") filed in the State Court Action was a communication within the meaning of § 1692a(2) of the FDCPA.

11. Defendant alleged in the State Court Complaint that "Chase Bank USA, NA is the original creditor for the claim that this action is based"; "Said claim was subsequently assigned to Plaintiff by Wireless Receivables Acquisition Group LLC." (State Court Complaint p.2)

12. Defendant alleged that the claims were "on an open book account for money due," "because an account was stated in writing by and between plaintiff and defendant to which it was agreed that defendant was indebted to plaintiff", "plus prejudgment interest at the rate of 10%" and "Plaintiff is entitled to attorney's fees by agreement or statue." (State Court Complaint p.3)

13. Chase Bank USA, NA, was at all relevant times, a national banking association with its principal offices located at: 200 White Clay Center Drive, Newark, Delaware 19711.

14. Plaintiff is informed and believes, and thereon alleges, that the Visa Credit Agreement alleged to exist between Plaintiff and Chase Bank USA, NA, states in relevant part as follows:

> **Law That Applies. The laws of the United States of America and the State of Delaware apply to this Agreement and to your use of your Card, your Checks, and your Account.**

15. Pursuant to Hambrecht & Quist Venture Partners v. American Medical Int'l Inc, 38 Cal. App. 4th 1532, 1549 (1995), choice of law clauses, including those choosing non-California statutes of limitations are enforceable, and in particular, those choosing Delaware Code § 8106 are enforceable.

> In this case, the choice-of-law provision results in the application of Delaware's three-year statute of limitations ( *Del. Code Ann. tit. 10, § 8106* (1975)) to claims (for breach of contract and declaratory relief) that otherwise would be governed by California's four-year statute of limitations (*Code. Civ. Proc., § 337, subd. 1*). This result does not conflict with any

fundamental policy of California. If the parties to a contract can shorten California's four-year limitations period to three *months*, we perceive no obstacle to applying a foreign state's three-*year* statute of limitations. Accordingly, the choice-of-law clause is enforceable. *Hambrecht & Quist Venture Partners v. American Medical Int'l Inc*, 38 Cal. App. 4th 1532, 1549 (1995).

16. Under *Hambrecht*, state common law theories such as breach of contract and the like are subject to state law, and therefore the a state law statute of limitations, and are not subject to a federal state of limitations, whatever that maybe, as they are not federal causes of action.

17. Under *Erie Railroad v. Tompkins*, 304 U.S. 64 (1938), federal courts exercising jurisdiction of state law claims, such as the Rosenthal Act claim at issue here, must follow state substantive law, and may not impose federal law.

18. Under *Guaranty Trust Co. v. York*, 326 U.S. 99 (1945), that substantive law includes the applicable statute of limitations. There is no such thing as a federal statute of limitations applicable to a state court dispute, whether in federal court or state court; the outcome must be the same under Guaranty Trust.

19. Pursuant to 10 Del. Code § 8106, the Delaware statute of limitations for breach of a credit card agreement, as well as, open book and account stated is three years.

20. The last payment on the debt was June 2008, the date that the cause of actions in the State Court Complaint accrued.

21. June 2008 is more than three years from the filing of the State Court Action.

22. Defendant's claims against Plaintiff accrued more than three years prior to the filing of the State Court Action.

23. Defendant filed the State Court Action more than three years after the applicable statute of limitations had run.

24. There was no tolling of the above three year statute of limitations, as both California and Delaware prohibit tolling of Delaware Code § 8106 where the defendant is not a resident of the state of Delaware.

25. Under *Resurgence Financial, LLC v Chambers*, 173 Cal. App. 4th Supp. 1 (2009), a state court action based on a credit card, with a credit card agreement bearing a Delaware choice of law clause, was subject to Delaware law, and in particular to Delaware Code § 8106, Delaware's three year statute of limitations. The Court further found that Delaware's tolling statute, Delaware Code § 8117, did not apply, as the defendant was not a Delaware resident, and therefore application of the tolling statute would abrogate the statute of limitations, an absurd result.

26. The *Resurgence* Court relied in part on another ruling from the Supreme Court of Delaware, in *Hurwitch v. Adams,* 52 Del. 247 (1959). In *Hurwitch*, the Court found that Delaware's tolling statute did not apply to non-residents of Delaware.

27. Plaintiff is not and was not at any relevant times a resident of the state of Delaware.

28. Plaintiff is not and was not at any relevant times a defendant in any action in the state of Delaware.

29. Plaintiff is not and was not at any relevant times a party in an action in the state of Delaware wherein he was subject to service process for any purpose.

30. Defendant subsequently dismissed the State Court Action on October 18, 2012, months after filing and litigating the case.

31. Plaintiff is informed and believes, and thereon alleges, that Defendant misrepresented the legal status of the debt as actionable by suit as the debt was beyond the applicable statute of limitations and therefore could not legally be sued upon, an FDCPA violation under *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 610 F. Supp. 2d 1247, 1257 (2009), ("JRL is strictly liable under the FDCPA for filing a time-barred lawsuit, and for maintaining a time-barred lawsuit") upheld by Ninth Circuit at 637 F.3d 939 (9th Cir. 2011).

32. Defendant implicitly represented that it could recover in a lawsuit, when in fact it cannot properly do so thereby violating §§ 1692e(2)(A) and 1692e(10) of the FDCPA.

33. Defendant attempted to collect a debt that it was neither expressly authorized by the agreement creating the debt nor permitted by law had no legal right to collect by filing an action that was barred by the applicable statute of limitations in violation of § 1692f. These actions also were unfair and unconscionable means to attempt to collect the debt in violation of § 1692f.

34. Defendant attempted to collect the interest, and legal fees in the State Court Complaint, from Plaintiff. Defendant thereby violated §§ 1692f and f(1) in that Defendant was not expressly authorized by the alleged agreement alleged to have created the debt or otherwise permitted by law, as any collection of these amounts by means of the State Court Action was barred by the statute of limitations. These actions also were unfair and unconscionable means to attempt to collect the debt in violation of § 1692f.

35. By these misrepresentations in connection with the collection of a debt, by means of the previously mentioned State Court Complaint, filed after the statute of limitations had expired, Defendant also violated §§ 1692d, 1692e, 1692e(2)(A), 1692e(10) and 1692f of the FDCPA.

36. Due to Defendant's actions, Plaintiff suffered further actual damages in the form of attorneys' fees and costs incurred in having to hire counsel and to defend against Defendant's untimely collection lawsuit.

37. Because Defendant violated certain portions of the FDCPA as specifically set out herein, as these portions are incorporated by reference in the Rosenthal Act, Cal. Civil Code section 1788.17, this conduct or omission also violated section 1788.17.

### FIRST CLAIM FOR RELEIF
**(Violations of the FDCPA)**

38. Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in the preceding paragraphs.

39. Defendant violated the FDCPA. The violations include:

(1) using misrepresentations or means in connection with the collection a

the debt, by means of the previously mentioned State Court Complaint, in violation of §§ 1692e, 1692e(2)(A), and 1692e(10);

    (2)    attempting to collect an amount which was not expressly authorized by agreement or permitted by law, by means of the previously mentioned State Court Action, in violation of §§ 1692f and f(1);

40. As a result of the Defendant's actions, Plaintiff is entitled to actual damages, statutory damages, attorney's fees and costs of this action.

## SECOND CLAIM FOR RELIEF

### (Claim for violations of the Rosenthal Act)

41. Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in the paragraphs preceding the First Claim for Relief.

42. Defendant's acts and omissions violated the Rosenthal Act including, but not limited to section 1788.17. Defendant's violations of section 1788.17 of the Rosenthal Act (which incorporates several of the provisions of the FDCPA) include, but are not limited to those enumerated in the above First Claim for Relief.

43. Plaintiff is entitled to statutory damages of $1000.00 under section 1788.30(b) for Defendant's violations, as enumerated above, of section 1788.10(e).

44. Defendant's violations of the Rosenthal Act were willful and knowing, thereby entitling Plaintiff to statutory damages pursuant to section 1788.30(b) of the Rosenthal Act.

45. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the debt.

46. As a proximate result of the violations of the Rosenthal Act committed by Defendant, Plaintiff is entitled to any actual damages, statutory damages, reasonable attorney's fees and costs of this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and for Plaintiff, and prays for the following relief:

1. An award of actual damages pursuant to § 1692k(a)(1) of the FDCPA and section 1788.30(a) of the Rosenthal Act;
2. An award of statutory damages of $1,000.00 pursuant to § 1692k(a)(2)(A) of the FDCPA;
3. An award of statutory damages of $1,000.00 pursuant to section 1788.30(b) of the Rosenthal Act for violation of section 1788.17 of the Rosenthal Act3;
4. An award of costs of litigation and reasonable attorney's fees, pursuant to § 1692k(a)(3) of the FDCPA and section 1788.30(c) of the Rosenthal Act;
5. Such other and further relief this court may deem just and proper.

## TRIAL BY JURY

47. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated August 30, 2013

**Lester & Associates**
By *s/ Patric A. Lester*
Patric A. Lester
Attorney for Plaintiff,
E-mail: pl@lesterlaw.com