LAW OFFICES OF CLARK GAREN,
CLARK GAREN, CALIF. BAR #50564
GREG LAWRENCE, CALIF. BAR #82243
(Salaried Employees of PCC)
6700 South Centinela, Third Floor,
Culver City, California 90230
(310) 391-0800, Fax: (310) 636-4771
glawrence53@aol.com

ATTORNEYS FOR DEFENDANT
PROFESSIONAL COLLECTION
CONSULTANTS

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK C. BOON,<br><br>　　　　Plaintiff,<br><br>-vs-<br><br>PROFESSIONAL COLLECTION CONSULTANTS,<br><br>　　　　Defendant. | Federal Civil<br>Case Number: 12CV3081-H-WMC<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF NOTICE OF MOTION FOR FINDING OF BAD FAITH & HARASSMENT AND FOR AWARD OF ATTORNEY FEES<br><br>Date:　April 14, 2014<br>Time:　10:30 am<br>Judge:　MARILYN HUFF<br>　　　　ROOM 15A<br>　　　　ANNEX<br>(ORAL ARGUMENT REQUESTED) |

　　　Defendant Professional Collection Consultants hereby submits the following points and authorities in support of its Motion for Finding of Bad Faith and Harassment and request for award of attorney fees for legal services rendered in response to Plaintiff's Third Amended Complaint. Note, Defendant Professional Collection

1

Consultants does not claim that the original Complaint, First Amended Complaint, or the Second Amended Complaint were filed in bad faith, and Professional Collection Consultants does not seek fees incurred defending those Complaints.

## I. PLAINTIFF'S FILING OF THE THIRD AMENDED COMPLAINT WAS IN BAD FAITH.

Defendant Professional Collection Consultants (PCC), by counsel, moves for an award of attorneys' fees associated with the defense of the Plaintiff's Third Amended Complaint, pursuant to *Fed. R. Civ. P. 54(d)* and the bad faith exception to the American rule against the award of attorneys' fees. Plaintiff's third amended complaint was initiated and conducted in bad faith. It was vexatious, frivolous, unreasonable and without fact or foundation. Accordingly, a finding of bad faith and an award of attorneys' fees to Defendant PCC is appropriate.

"...

(2) *Attorney's Fees.*

(A) *Claim to Be by Motion.* A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages.

(B) *Timing and Contents of the Motion.* Unless a statute or a court order provides otherwise, the motion must:

(i) be filed no later than 14 days after the entry of judgment;

(ii) specify the judgment and the statute, rule, or other grounds entitling the movant to the award;

(iii) state the amount sought or provide a fair estimate of it; and

(iv) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made.

When a civil lawsuit under the Fair Debt Collection Practices Act has been initiated and conducted in bad faith, a defendant may recover the attorneys' fees expended. *15 U.S.C. 1692k(a)* provides:

..."(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court. On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs."

Plaintiff, in bad faith and for the purpose of harassment, attempted to state a causes of action in the Third Amended Complaint for "The State Court Action Allegations," "The Delaware Three Year Statute Applies," "The Delaware Statute was not Tolled," and "No Federal Statute of Limitations Exists that Preempts Delaware's", All of these allegations were previously pleaded and decided upon by Judge Huff in her Orders Granting Motion to Dismiss the First Amended Complaint dated August 1, 2013 and the Order Granting Defendant's Motion to Dismiss with Leave to Amend dated October 17, 2013 and should not have been alleged or included in Plaintiff's Third Amended Complaint under the "Law of the Case Doctrine." These are all examples of bad faith and harassment.

3

Immediately after this lawsuit was filed, Clark Garen, counsel for Defendant, contacted counsel for Plaintiff to determine if Boon alleged any violations other than the Delaware three year statute of limitations. Patric Lester, counsel for Plaintiff assured Clark Garen that the only violations at issue were the applicability of the three year Delaware Statute of Limitation. Counsel then discussed their desire to appeal any ruling of this court to obtain binding precedent on this issue.

When Plaintiff failed to prevail on the Delaware three year statute of limitations, Plaintiff, in bad faith and for the purpose of harassment, sought to create a triable issue of fact by alleging that Defendant filed the underlying lawsuit against Boon without being in possession of adequate documentation. Plaintiff filed this lawsuit without any documentation, facts, or evidence whatsoever, an indication of bad faith and that the purpose of the lawsuit was for harassment.

Plaintiff's Opposition to the Summary Judgment

4

offered no inference or any fact to contradict or create an issue of act with reference to any of the evidence presented by defendant. What is considered "bad faith" was addressed in *Glick v. Koenig*, 766 F.2d 265, 270 (7th Cir. 1985):

> "In the district court's opinion, plaintiff had "*demonstrated bad faith in both the purpose and conduct of this litigation...." Ordinarily, fees are not awarded absent statutory authorization. A district court, however, may award fees when the losing litigant has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 258-59, 95 S.Ct. 1612, 1622, 44 L.Ed.2d 141 (1975). Bad faith has been defined as conduct without at least a colorable basis in law. *Benner v. Negley*, 725 F.2d 446, 449 (7th Cir.1984). Thus, the filing of a frivolous lawsuit may demonstrate bad faith where the suit is so completely without hope of succeeding that the court can infer that the plaintiff brought the suit to harass the defendants rather than to obtain a favorable judgment. *Bittner v. Sadoff & Rudoy Industries*, 728 F.2d 820, 828 (7th Cir.1984); *Coyne-Delany Co. v. Capital Development Board*, 717 F.2d 385, 390 (7th Cir.1983). We agree, as did the district court, with Judge Nelson's characterization of the lawsuit as "a transparent attempt to bully the administration of justice." Plaintiff's complaint was totally without merit and appears to have been filed for the purpose of harassing and retaliating against those parties connected with the imposition of a fine for a traffic violation. Such conduct will not be tolerated.

5

Accordingly, the award of attorneys' fees was proper."

Judge Huff addressed the "merit" of Plaintiff's Third Amended Complaint in the ruling on Defendant's Motion for Summary Judgment in the following three quotes from the Judge's Order dated January 30, 2014:

> (1) "Boon opposes the motion for summary judgment, but puts forward **no affirmative evidence** to demonstrate a genuine issue of material fact." (Order Granting Defendant's Motion for summary Judgment at P. 4, lines 23-25).
>
> (2) "Boon responds with **conclusory allegation** that PCC's filing of the state court action constituted a violation of the FDCPA because PCC acted in bad faith and without documentation. But Boon has **failed to produce any evidence to show bad faith on the part of PCC in the state court action.**" (Order Granting Defendant's Motion for summary Judgment at P. 6, lines 5-8).
>
> (3) "**Boon has submitted no evidence** to dispute that PCC initiated a suit based on common law causes of action in California state court against a California resident." (Order Granting Defendant's Motion for summary Judgment at P. 7, lines 20-22).

Therefore, the Order Granting Summary Judgment signed by Judge Huff on January 30, 2014 establishes that the Third Amended Complaint was filed in bad faith and for the purpose of harassment.

## II. DEFENDANT IS ENTITLED TO ATTORNEYS' FEES UNDER THE BAD FAITH EXCEPTION TO THE AMERICAN RULE

The filing of Plaintiff's Third Amended Complaint was in "bad faith". Under the bad faith exception to the American rule against attorneys' fees, a prevailing party is entitled to attorneys' fees where the litigation was instituted and/or maintained in bad faith. *Alyeska Pipeline Serv. Co. v Wilderness Soc'y*, 421 U.S. 240, 258-259 (1975). The Supreme Court stated, "Bad faith may be found, not only in the action that led to the lawsuit, but also in the conduct of the litigation."

> "The fact that a defendant is entitled to summary judgment does not provide the basis for such a finding; there must be evidence that the Plaintiff both knew that his claim was meritless and pursued it with the purpose of harassing the defendant. See *Spira v. Ashwood Financial, Inc.*, 358 F.Supp.2d 150, 161 (E.D.N.Y.2005) (noting that in addition to succeeding on the merits, defendant must meet the statutory standard of proving bad faith and harassment)."
>
> *Jacobson v. Healthcare Fin. Servs., Inc.*, 434 F. Supp. 2d 133, 141 (E.D.N.Y. 2006) <u>aff'd in part, vacated in part, rev'd in part,</u> 516 F.3d 85 (2d Cir. 2008)

In determining whether an action has been filed in

7

bad faith, the court has relied upon the standards set in *In re Kunstler*, 914 F.2d 505 (4th Cir. 1990). Judge Davis held "whether or not a pleading has a foundation in fact or is well grounded in law still often influences the determination of the signer's purpose." See *Contract Materials Processing, Ic. V Kataleuna GMBH Catalysts*, 222 F. Supp. 2d 733, 744-745 (D. Md. 2002), citing *In re Kunstler*, 914 F.2d at 518.

**III. DEFENDANT IS ENTITLED TO ATTORNEYS' FEES UNDER RULE 11 ON THE BASIS THAT THE CLAIMS OF THE THIRD AMENDED COMPLAINT ARE NOT WARRANTED BY EXISTING LAW AND THE FACTUAL CONTENTIONS HAVE NO EVIDENTIARY SUPPORT.**

*Federal Rules of Civil Procedure 11* provides in part

"By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have

evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information."

Plaintiff's Third Amended Complaint contained allegations unsupported by fact and claims not warranted by existing law and by previous rulings of Judge Huff in the Order Granting Defendant's Motion to Dismiss First and Second Amended Complaints.

**IV. DESCRIPTION OF WORK PERFORMED BY DEFENDANT'S ATTORNEYS.**

The Affidavits of Defendant's counsel, Greg Lawrence and Clark Garen, contains detailed statements of legal services rendered as to services rendered in the defense of the Third Amended Complaint and subsequent Motions and Replies. Defendant seeks the recovery of fees charged by Attorneys Lawrence & Garen in the sum of $31,830.00 as to the period from November 17, 2013 through January 24, 2014 representing reasonable fees incurred in defending the third amended complaint.

9

## V. CONCLUSION

For the reasons stated herein, Defendant PCC hereby request a finding that the Plaintiff's Third Amended Complaint was filed in bad faith and the Defendant be awarded attorney fees in the sum of $31,830.00.

Dated: February 11, 2014

        LAW OFFICES OF CLARK GAREN

        BY

        /s/ Greg Lawrence
        GREG LAWRENCE
        Attorney for Defendant
        Professional Collection Consultants

        Email: glawrence53@aol.com

CERTIFICATE OF SERVICE

I certify that on February 11, 2014, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Southern District of California by using the CM/ECF system.

I further certify that all of the participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ Greg Lawrence
GREG LAWRENCE, SB 82243