Patric A. Lester (SBN 220092)
pl@lesterlaw.com
Lester & Associates
5694 Mission Center Road, #358
San Diego, CA 92108
Phone (619) 665-3888
Fax (314) 241-5777

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK C. BOON, | Case No. 3:12-cv-03081-H-WMC |
| Plaintiff, | **DECLARATION OF PATRIC LESTER** |
| vs. | DATE: APRIL 14, 2014 |
| PROFESSIONAL COLLECTION CONSULTANTS, | TIME: 10:30 A.M. |
| | COURTROOM 15A |
| Defendant. | HONORABLE MARILYN L. HUFF |

I, Patric A. Lester declare and state as follows:

1. I am an attorney at law duly licensed to practice before the courts of the State of California and admitted to practice in the United States District Court the Southern District of California. I am co-counsel and attorney of record for the plaintiff Mark C. Boon ("Boon").

2. The facts set forth herein are known to me personally and if called upon to testify I could and would be competent to testify thereto.

3. In the state court action, defendant Professional Collection Consultants ("PCC") provided its response to the Bill of Particulars which showed only 'credit card statements' from Chase. No documents were ever produced showing the ownership of the account such as an assignment of the account to PCC.

4. PCC, without explanation, dismissed the State Court Action ("SCA")

without prejudice, shortly before the trial date for that matter.

5. PCC paid, without protest, the Judgment for costs entered in favor of Boon.

6. At no time prior to the filing of the Third Amended Complaint (Doc. No. 24, *TAC*.) did PCC proffer any evidence that it was lawfully assigned the account through any chain of sale, until the time it filed its Motion To Dismiss Third Amended Complaint Or In The Alternative For Summary Judgment (Doc. No. 26.)

7. Only at that time did PCC address the chain of assignment that purports to legitimize its ownership and/or assignment under any Purchase Agreement.

8. PCC still has not produced any 'contract' between Chase and Boon representing a credit card agreement that was subject to assignment to PCC by whatever chain of transfer of assignments it has presented.

9. At the time of filing of the TAC, I had not had an opportunity to conduct discovery from PCC or its owner and attorney, Clark Garen.

10. No discovery was yet permitted at this point in the litigation under Fed.R.Civ.P. 26(d) as the parties had not conferred and no discovery plan had been issued under Fed.R.Civ.P. 26(f). While the Fed.R.Civ.P. 26 conference had not yet occurred, three separate motions to dismiss and responses as well as amended complaints had been filed, argued and decided and therefore, the litigation had been ongoing for eleven months.

11. As a result I could not at that stage in the proceeding request through discovery factual statements and documentary evidence or depose and testing the basis for the declarants' foundation of the documents presented in the motion for summary judgment.

12. I requested additional time to conduct discovery in plaintiff's points and authorities opposing defendant's motion to dismiss/summary judgment (Doc. No. 30-1)

13. I was confident that once we were able to conduct discovery, we could attack the sufficiency of defendant's documentation, rebut the declarations and the evidence and present a genuine issue of material fact.

14. After the Court granted its Motion for Summary Judgment, the defendant's counsel filed his Declaration (Doc. No. 38-2) that allegedly summarized several conversations we had about the theories of the case. This self-serving declaration does not accurately reflect the substance of the conversations.

15. My present recollection of those conversations is that there were several, possibly as many as five, separate conversations spanning several months beginning at a hearing in the other case referred to in Mr. Garen's declaration on PCC's unsuccessful motion to dismiss, and resuming several times throughout the initial part of this case. At all times, the conversations were nothing more theoretical discussions of possible paths by which cases could be brought before the appropriate court in the appropriate posture on the issue of the Delaware statute of limitations application in a choice of law setting as arises frequently in Chase credit card debt buyer cases. Among our discussions were the possibility of taking it to the California Supreme Court as it was a state law question and the difficulty of getting a controversy in front of that body. We had several pleasant, academically interesting, discussions in person and by phone speculating how that might be done. The difference between the other case discussed by Mr. Garen and the instant one was abusive phone calls which I had no basis for asserting in this case. Perhaps that is where Mr. Clark constructed the idea that the final complaint would be limited to violations of the statute of limitations.

16. The additional allegations in the TAC were based on reasonable inferences from the dearth of evidence in the state court action of the existence of a written account stated and book account between Chase and Boon, PCC's assigned right to that account and the interest and fees it requested in the state court action.

17. While I had little direct evidence there was significant evidence from other debt buyer cases in which the debt buyer almost never choose to or were able to produce the necessary evidence and dismissed their cases or went to trial without ever obtaining the evidence. In over 150 debt buying cases I have represented defendants; in only two did the debt buyer obtain the necessary admissible evidence to make its case. While

admittedly anecdotal, this did provide me with the plausible inference that from a probability stand point, PCC could not produce admissible evidence either when it filed or as it litigated its state court action. The failure to produce anything but billing statements from Chase with nothing more only made that inference stronger.

18. Chase has had a well publicized problem with its records and is known to limit in its purchase and sale agreements[1], its time period for obtaining and the number of documents, such as credit card agreements, it makes available it debt buyer purchases, as well as the authentication of its records. (*See*, Dalié Jiménez, *Dirty Debts Sold Dirt Cheap,* U.Conn L. Rev., (March 2014) and Peter Holland, *One Hundred Billion Dollar Problem,* Journal of Business and Technology Law (2011) p.259.) When viewed against the backdrop of the debt buying industry and the studies and findings including those cited in the TAC (Doc. No. 24 ¶7, 17) I expected the probability that PCC would not have the evidence it needed to try the state court action was very high.

19. Without discovery, I could not, and would not have, foreclosed the possibility of additional violations under the same statute, especially considering how widespread the practice of filing cases without sufficient admissible evidence is in the debt buying industry. As previously stated, the Fed.R.Civ.P. 26(f) conference had not occurred. Therefore, the neither the deadline for amending the complaint nor conducting discovery had been set.

20. To foreclose any other factual basis for recovery before at least some discovery had been done would not appear wise, ethical or in the best interest of my client. Therefore, when I was made aware of several opinions that, as of late, had followed my theory of recovery based on not having or intending to get evidence to prove case, I added those.

21. For PCC to now assert that the TAC was brought in bad faith, by producing documents which Boon had had no opportunity to request and/or review prior to the

---

[1] Absent from the exhibits provided in support of PCC's Motion to Dismiss (Doc. No. 26-2.)

4
**DECLARATION OF PATRIC LESTER**  3:12-cv-0308-1H-WMC

filing of the TAC, nor an opportunity now to assert that those self-same documents fail to prove that PCC did not violate the statute of limitations when it filed its SCA, is disingenuous.

22. For Clark Garen to attempt to admit into evidence in support of his MFS (Doc. 38, *Motion for Finding of Bad Faith & Harassment & for Award of Attorney Fees*) one-sided recollections of conversations held over the course of a year prior to the filing of the TAC is also self-serving and disingenuous.

23. In order to zealously prosecute my client's cause of action for violations of the FDCPA and Rosenthal Act, it was incumbent upon me to bring to light additional support for the asserted allegations. Failure to do so would have been tantamount to a failure to zealously represent my client, and an ethical violation.

24. At no time during the pendency of this case, nor during the decision-making process that led to the filing of the TAC did I not consider carefully, and with full weight and gravity, my obligation to not bring a frivolous suit on behalf of my client and all that implies.

25. At no time was the intention to act in bad faith ever a consideration; rather, my firm legal judgment was that my client had a legitimate case and I needed to find the proper pleading language to present my client's allegations to this Court. If we lost, we lost. If we won, we won, but my client would have – to my best ability – an opportunity to have his causes of action heard by the proper tribunal. In contrast, PCC opted to dismiss its SCA without reason or, rather, without apparent reason and pay the subsequent judgment against it.

26. One could say that PCC's SCA was, in fact, brought in bad faith because it did – with no apparent reason – dismiss the case it filed, after causing Boon to spend months defending that cause of action, incurring attorney's fees, costs and the concurrent and consequential emotional stress of being involved in that law suit. The case record in the SCA shows that PCC was awaiting a response to its settlement demand, and after apparently having that demand rejected, dismissed its cause of action without prejudice.

1  The dismissal without prejudice further raises the specter of "will they file suit again?
2  Do I have to do this again?" Perpetual worry and distress; if they filed suit outside the
3  SOL once, what's to stop them from assigning it to some other debt collector and suing
4  again?

5      27.   My client had a legitimate cause of action and the dismissal of each attempt
6  to bring his case to the attention of the court for redress has furthered this distress. For
7  me to not have continued to try on his behalf would have been far more egregious to my
8  way of thinking. Boon still has to face the potential of this matter being brought up
9  again, in yet another lawsuit, at some future date, as the debt buying community finds
10 yet another supposed theory of recovery outside the plain and simple collection action
11 which could be brought by any issuer of credit cards by retaining counsel to collect
12 charged-off debt outright, rather than selling bad debt portfolios to be collected on
13 outside the statute of limitations.

14     28.   The defendant was intent on moving to dismiss a case that had several
15 plausible factual bases for recovery, which had not been plead as the potential recovery
16 to the plaintiff would not be increased and would simply complicate a fairly straight
17 forward case. Additionally, there was a non-frivolous argument for extending the
18 existing law which was warranted by the addition of several new cases buttressing and
19 expanding existing case law. These cases included *Hinten v Midland*, 2013 WL 5739035
20 (E.D. Mo. 2013) (Oct. 10, 2013) which was decided prior to the filing of the TAC, but
21 after the filing of the Second Amended Complaint (Doc. No. 18.) It was my duty in the
22 face of the above to add more factual and legal bases to the complaint.

23     I declare under penalty of perjury that the foregoing is true and accurate to the
24 best of my knowledge.

25

26 Dated March 28, 2014                    Lester & Associates
27                                               By:   /s/ Patric A. Lester
28                                                     Patric A. Lester
                                                    Attorney for Plaintiff,
                                                    Mark C. Boon
                                                    pl@lesterlaw.com