LAW OFFICES OF CLARK GAREN,
CLARK GAREN, CALIF. BAR #50564
GREG LAWRENCE, CALIF. BAR #82243
(Salaried Employees of PCC)
6700 South Centinela, Third Floor,
Culver City, California 90230
(310) 391-0800, Fax: (310) 636-4771
glawrence53@aol.com

ATTORNEYS FOR DEFENDANT
PROFESSIONAL COLLECTION
CONSULTANTS

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK C. BOON,<br><br>      Plaintiff,<br><br>-vs-<br><br>PROFESSIONAL COLLECTION CONSULTANTS,<br><br>      Defendant. | Federal Civil<br>Case Number: 12CV3081-H-WMC<br><br>DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR A FINDING OF BAD FAITH AND HARASSMENT AND AN AWARD OF ATTORNEY'S FEES UNDER 15 U.S.C. 1692k(a)(3) AND RULE 11<br><br>Date: April 14, 2014<br>Time: 10:30 A.M.<br>Courtroom: 15A (Annex)<br>JUDGE MARILYN HUFF<br>(ORAL ARGUMENT REQUESTED) |

**I. INTRODUCTION**

Since Plaintiff failed to file any oppositon to the amount of attorney fees claimed by Defendant ($31,830.00), Plaintiff has conceded that Defendants attorney fee request is reasonable for the work performed, and that all the work performed by Defendant was reasonable and necessary.

- 1 -

Plaintiff opposes fees **solely** because of Defendant's alleged failure to comply with Rule 11 and Defendant's failure to establish eligibility for attorney fees under 15 *U.S.C.* Section 1692k(a)(3).

Defendant's Motion to Dismiss the Third Amended Complaint contained a request for a finding of bad faith and intent to harass and an award of attorney fees. Judge Huff declined to consider this request, stating in a footnote to her Order granting Summary Judgment that:

> "Defendant PCC also requests an order permitting it to file a motion for an award of attorney's fees, pursuant to 15 U.S.C. Section 1692k(a)(3). Unless a statute or court order provides otherwise, a claim for attorney's fees may only be filed after the entry of judgment. Fed. R. Civ P. 54(d)(2)(B)."

Following entry of judgment in favor of Defendant on all claims, Defendant filed this Motion for a Finding of Bad Faith and Harassment and for Award of Attorney Fees pursuant to 15 U.S.C. Section 1692k(a)(3), which provides as follows:

> ..."(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court. On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.

15 U.S.C. Section 1692k(a)(3)

Plaintiff, in bad faith and for the purpose of harassment, restated his claims that "The State Court Action Allegations," "The Delaware Three Year Statute Applies," "The Delaware Statute was not Tolled," and "No

Federal Statute of Limitations Exists that Preempts Delaware's" in his Third Amended Complaint. These claims were rejected by Judge Huff in her Orders Granting Motion to Dismiss the First Amended Complaint dated August 1, 2013 and October 17, 2013 because Judge Huff found that Defendant had not violated any law. Therefore, these allegations should not have been included in Plaintiff's Third Amended Complaint under the "Law of the Case Doctrine." The inclusion of these claims in the Third Amended Complaint constitutes bad faith and harassment by Plaintiff.

In addition, Plaintiff sought to camouflage these allegations with new factual allegations that Plaintiff knew, or should have known, were not true because Plaintiff had absolutely no evidence whatsoever to even suggest that they were true. These new factual allegations were inserted by Plaintiff in bad faith and for the purpose of harassment because Plaintiff thought they would defeat a Motion to Dismiss and thereby enable Plaintiff to extort a financial settlement from Defendant to avoid the cost of extensive discovery. Since Plaintiff knew Defendant did not violate the F.D.C.P.A., these actions were taken in bad faith and for the purpose of harassment. Plaintiff is therefore liable to Defendant for its attorney fees under 15 U.S.C. 1692k(a)(3).

## II. DEFENDANT PREVAILED ON THE ENTIRE ACTION

Plaintiff cites the case of *Horkey v J.V.D.B.*, 333 F.3d 769, 775 (7th Cir. 2003) to support Plaintiff's

argument that since Defendant does not seek a finding of bad faith and harassment for the entire action, Defendant did not prevail on the entire action and is therefore not entitled to Attorney Fees under the statute. However, a review of the *Horkey* opinion shows that Plaintiff has mis-cited the case and that it does not support Plaintiff's argument.

In the *Horkey* case, the consumer prevailed on its Motion for Summary Judgment on three of four causes of action. The Defendant, debt collector, prevailed on only one cause of action. Then, the Defendant Debt Collector sought attorney fees based on the one cause of action on which it prevailed. The Court denied the Debt Collector request for attorney fees because:

> An "action" "in its usual legal sense means a lawsuit brought in a court." Black's Law Dictionary 28 (6th ed.1990). Thus, J.V.D.B. must show that Horkey's entire lawsuit, and not just her claim under 1692c(b), was brought in bad faith and to harass J.V.D.B. Although we have not had occasion to delineate what constitutes a lawsuit brought in bad faith and for the purpose of harassment under § 1692k(a)(3), we are confident that no sound concept of such a suit could encompass an action in which the plaintiff wins summary judgment on three of her four asserted claims and has a colorable argument as to the claim on which she ultimately did not prevail. The district court was, accordingly, correct to deny J.V.D.B.'s motion for attorney's fees under § 1692k(a)(3). We cannot fathom how it could have done otherwise. In fact, at this juncture any bad-faith accusations would more appropriately be directed at J.V.B.D. for appealing the denial of its attorney's fees, but that issue is not before us.
>
> *Horkey v. J.V.D.B. & Associates, Inc.*, 333 F.3d 769, 775 (7th Cir. 2003)

Defendant PCC not only prevailed on the Summary Judgment as to the entire Third Amended Complaint but also prevailed on its Motion to Dismiss the Original (which Plaintiff voluntarily amended prior to hearing); the First Amended Complaint; and the Second Amended Complaint.

While Defendant concedes that the Original, First Amended Complaint, and Second Amended Complaint were not filed in bad faith and for the purpose of harassment because there were facts and conflicting case law supporting the theories of recovery stated in those pleadings, this concession does not preclude Defendant from seeking a finding of bad faith, harassment, and attorney fees for the filing of the Third Amended Complaint which Defendant asserts **was** filed in bad faith and for the purpose of harassment.

When this Court decided that the case law supporting the theories of recovery stated in those pleadings were wrong, Plaintiffs appropriate response would have been to have filed an appeal to the Ninth Circuit.

Instead, Plaintiff filed the Third Amended Complaint in bad faith and for the purpose of harassment. It is this act, and this act alone, for which Defendant seeks a finding of bad faith and harassment and its attorney fees. The *Horkey* case has no application to the facts now before this Court.

### III. BOON'S THIRD AMENDED COMPLAINT WAS FILED IN BAD FAITH AND WITH PURPOSE TO HARASS PCC

Plaintiff argues that the Court must make actual findings of fact that the claims advanced were without merit and made in "bad faith" and for the purpose of "harassment". The following quotes from Order of Judge Huff dated January 30, 2014 establish that the Third Amended Complaint was filed in bad faith and for the purpose of harassment:

> (1) "Boon opposes the motion for summary judgment, but puts forward **no affirmative evidence** to demonstrate a genuine issue of material fact." (Order Granting Defendant's Motion for summary Judgment at P. 4, lines 23-25).
>
> (2) "Boon responds with **conclusory allegation** that PCC's filing of the state court action constituted a violation of the FDCPA because PCC acted in bad faith and without documentation. But Boon has **failed to produce any evidence to show bad faith on the part of PCC in the state court action.**" (Order Granting Defendant's Motion for summary Judgment at P. 6, lines 5-8).
>
> (3) "**Boon has submitted no evidence** to dispute that PCC initiated a suit based on common law causes of action in California state court against a California resident." (Order Granting Defendant's Motion for summary Judgment at P. 7, lines 20-22).

These findings by Judge Huff establish the necessary elements of bad faith and harassment needed to support an award of attorney fees under 15 U.S.C. Section 1692k(a)(3).

### IV. ATTORNEY FEES MAY BE AWARDED TO AN FDCPA DEFENDANT WHEN A PLAINTIFF FILES A CASE WITH NO MERIT AT ALL

Plaintiff cites the case of *Bonner v Redwood Mortg.*, C 10-00479 WHA, 2010 WL 2528962 (N.D. Cal. June 18, 2010) for the proposition that even when debt collector

established claim was without merit, an award of fees is improper. However, the Plaintiff has incorrectly cited this case for a proposition it does not support.

In the Bonner case, a district court case, (which was reviewed by Westlaw, but not assigned editorial enhancement), attorney fees were awarded under *California Civil Code Section* 1717, but not under Rule 11 because no Rule 11 attorney fees were requested by the prevailing party. The Court held:

> "...A prevailing defendant, however, may be awarded its attorney's fees as sanctions under FRCP 11 if the court finds that the allegations in the complaint and other factual contentions did not have or were not likely to have evidentiary support at the inception of the lawsuit. Given that defendants have not moved for FRCP 11 sanctions, this order declines to impose them and proceeds without consideration of FRCP 11."
>
> *Bonner v. Redwood Mortgage Corp.*, C 10-00479 WHA, 2010 WL 2528962 (N.D. Cal. June 18, 2010)

This case does not support the argument that a Plaintiff who files an action for violation of the FDCPA that has no merit cannot be ordered to pay the Defendants attorney fees.

The cases cited by Defendant in its Motion, together with the findings of Judge Huff cited herein, support a finding that the Third Amended Complaint was filed in bad faith and for the purpose of harassment.

### V. DEFENDANT COMPLIED WITH PROVISIONS OF RULE 11

Plaintiff claims that Defendant failed to follow the safe-harbor provisions of Rule 11(c)(2)- "having sent no motion to Boon permitting withdrawal of the purportedly

offending pleading." This is not true.

In response to Boon's Third Amended Complaint, Defendant filed a lengthy Motion to Dismiss or in the alternative for Summary Judgment. This Motion informed Plaintiff that his lawsuit had no merit whatsoever. This Motion sought a finding that the Third Amended Complaint was filed bad faith and for the purpose of harassment.

Upon receipt of this motion, Plaintiff could have withdrawn the "offending third amended complaint". Instead, even after Plaintiff had actual knowledge that his lawsuit had no merit, Plaintiff filed Opposition to Defendant's Motion instead of withdrawing the pleading.

The primary basis for the request for attorney fees is 15 U.S.C. Section 1692k(a)(3), which requires that the Court find that Plaintiff filed the pleading in bad faith and for the purpose of harassment. These findings also establish a factual basis for sanctions under Rule 11.

If the Court finds that Defendant is eligible for attorney fees under is 15 U.S.C. Section 1692k(a)(3), this finding also provides cause for the imposition of sanctions under Rule 11. Since Plaintiff was afforded an opportunity to withdraw the offending pleading, and chose not to, Defendant believes this Court has jurisdiction to award Rule 11 sanctions as well as attorney fees under 15 U.S.C. Section 1692k(a)(3).

## VI. CONCLUSION

The Plaintiff's Third Amended Complaint was filed in bad faith and with the intent to harass Defendant.

Therefore, the Court should award attorney fees to Defendant's counsel and against Plaintiff in the sum of $31,830.00 under the provisions of 15 U.S.C. Section 1692k(a)(3).

In addition, the filing of the Third Amended Complaint and the opposition to the Defendants Motion to Dismiss/Motion for Summary Judgment was filed in violation of Rule 11. Therefore, the Court should award attorney fees to Defendant's counsel and against Plaintiff's counsel in the sum of $31,830.00 under the provisions of 15 U.S.C. Section 1692k(a)(3).

If the Court makes an award under both 15 U.S.C. Section 1692k(a)(3) and Rule 11, the order should be made joint and several as to Plaintiff and Plaintiff's Attorney to prevent the possibility of a double recovery by Defendant.

Dated: April 3, 2014

LAW OFFICES OF CLARK GAREN

BY /s/ Greg Lawrence
GREG LAWRENCE
Attorney for Defendant
Professional Collection Consultants
Email: glawrence53@aol.com

## CERTIFICATE OF SERVICE

    I certify that on April 3, 2014, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Southern District of California by using the CM/ECF system.

    I further certify that all of the participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

                          /s/ Greg Lawrence
                           GREG LAWRENCE, SB 82243