

1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

11 MARK C. BOON,

12                                          Plaintiff,

vs.

13

14 PROFESSIONAL COLLECTION
CONSULTANTS,

15

                                          Defendant.

CASE NO. 12-CV-03081-H
(WMC)

**ORDER DENYING
DEFENDANT'S MOTION
FOR ATTORNEY'S FEES**

[Doc. No. 38.]

16      On February 11, 2014, Defendant Professional Collection Consultants

17 ("Defendant" or "PCC") filed a motion for an award of attorney's fees. (Doc. No. 38.)

18 On March 28, 2014, Plaintiff Mark Boon ("Plaintiff" or "Boon") filed its opposition

19 to Defendant's motion. (Doc. No. 39.) On April 3, 2014, PCC filed its reply. (Doc. No.

20 40.) On April 8, 2014, the Court, exercising its discretion under Local Rule 7.1(d)(1),

21 submitted the motion on the parties' papers. (Doc. No. 41.) The Court denies PCC's

22 motion.

23 ///

24 ///

25 ///

26 ///

27

28

## Background

In June 2008, Boon defaulted on an account with Chase Bank USA, NA ("Chase"). (Doc. No. 26-1 at 10.) Subsequently, Chase sold the claim on that debt to Turtle Creek Assets, LLC. (Doc. No. 26-1 at 11.) Turtle Creek Assets, LLC then sold the claim on the debt to Wireless Receivables Acquisition Group LLC. ( Doc. No. 26-1 at 11.) Finally, Wireless Receivables Acquisition Group LLC assigned the claim to Defendant PCC. (Doc. No. 26-1 at 11; Doc. No. 30 at 18.)

On February 1, 2012, PCC filed a lawsuit in California state court against Boon ("the state court action") to collect on the debt. (Doc. No. 26-1 at 11; Doc. No. 30 at 18.) Boon filed an answer in the state court action asserting that the statute of limitations had run on the debt before PCC filed suit. (Doc. No. 26-1 at 12.) On October 18, 2012, PCC voluntarily dismissed the state court action against Boon. (Doc. No. 26-1 at 12.)

## Procedural History

On December 31, 2012, Boon filed a complaint against PCC in this Court alleging causes of action under the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq., and California's Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act" or "RFDCPA"), Cal. Civ. Code §§ 1788, et seq. (Doc. No. 1.) On May 31, 2013, PCC filed a motion to dismiss in response to the complaint. (Doc. No. 9.)

On June 18, 2013, Boon filed his first amended complaint as a matter of right pursuant to Federal Rule of Civil Procedure 15(a)(1)(B). (Doc. No. 11.) On July 5, 2013, PCC filed a motion to dismiss in response to the first amended complaint. (Doc. No. 13.) On August 1, 2013, the Court granted PCC's motion to dismiss with leave to amend. (Doc. No. 17.)

On August 30, 2013, Boon filed his second amended complaint. (Doc. No. 18.) On September 18, 2013, PCC filed a motion to dismiss Boon's second amended

1  complaint. (Doc. No. 19.) On October 17, 2013, the Court granted PCC's motion to

2  dismiss with leave to amend. (Doc. No. 23.)

3       On November 16, 2013, Boon filed his third amended complaint. (Doc. No. 24.)

4  On December 9, 2013, PCC filed a motion to dismiss Boon's third amended complaint,

5  or in the alternative, for summary judgment. (Doc. No. 26.) On January 30, 2014, the

6  Court granted PCC's motion for summary judgment on all claims contained in

7  Plaintiff's third amended complaint, and closed the case. (Doc. No. 36.)

8       On February 11, 2014, PCC filed a motion for an award of attorney's fees

9  incurred during defense of Boon's third amended complaint pursuant to 15 U.S.C. §

10  1692k(a), Federal Rule of Civil Procedure 11, and the Court's inherent powers. (Doc.

11  No. 38.)

12                        **Discussion**

13  **I.    PCC's Motion for Attorney's Fees Pursuant to 15 U.S.C. § 1692k(a)(3)**

14       The Fair Debt Collection Practices Act ("FDCPA") provides that "[o]n a finding

15  by the court that an action under this section was brought in bad faith and for the

16  purpose of harassment, the court may award to the defendant attorney's fees reasonable

17  in relation to the work expended and costs."[1] 15 U.S.C. § 1692k(a)(3). To prevail on

18  a motion for attorney's fees under 15 U.S.C. § 1692k(a)(3), a prevailing defendant must

19  put forward evidence that a plaintiff brought his claims in bad faith and with the

20  purpose of harassment. Guerrero v. RJM Acquisitions LLC, 499 F.3d 926, 940-41 (9th

21  Cir. 2007). "[M]ere inartful pleading and failure to state a claim does not demonstrate

22  that an action was brought in bad faith." Arutyunyan v. Cavalry Portfolio Servs., CV

23  12-4122 PSG AJWX, 2013 WL 500452, at *3 (C.D. Cal. Feb. 11, 2013); Scott v.

24  Kelkris Associates, Inc., CIV. 2:10-1654 WBS, 2012 WL 1131360 (E.D. Cal. Mar. 29,

25

26       [1] The FDCPA does not authorize the award of attorney's fees against a plaintiff's

27  attorney, only the plaintiff himself. Hyde v. Midland Credit Mgmt., Inc., 567 F.3d 1137, 1141-42 (9th Cir. 2009).

28

2012) ("It cannot be the law that any time a plaintiff loses on summary judgment, he has acted in bad faith.")

In support of its motion for attorney's fees, PCC puts forward no evidence other than Boon's filing of a third amended complaint to demonstrate bad faith. (Doc. No. 38-1 at 3.) Boon filed his third amended complaint after the Court dismissed his second amended complaint with leave to amend. Accordingly, Boon's filing of a third amended complaint, without more, does not rise to the level of bad faith or harassment. <u>Guerrero</u>, 499 F.3d at 940-41. The Court determines that PCC is not entitled to attorney's fees under 15 U.S.C. § 1692k(a)(3).

## II.   PCC's Motion for Attorney's Fees Pursuant to Federal Rule of Civil Procedure 11

"A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2). "A Rule 11 motion for sanctions must be served on opposing counsel twenty-one days before filing the motion with the court, providing the opposing counsel a 'safe harbor . . . to give the offending party the opportunity . . . to withdraw the offending pleading and thereby escape sanctions.'" <u>Winterrowd v. Am. Gen. Annuity Ins. Co.</u>, 556 F.3d 815, 826 (9th Cir. 2009) (quoting <u>Barber v. Miller</u>, 146 F.3d 707, 710 (9th Cir. 1998)); <u>see also</u> Fed. R. Civ. P. 11(c)(2). "Failure to provide the required notice precludes an award of Rule 11 sanctions . . . ." <u>Winterrowd</u>, 556 F.3d 815 at 825; <u>see also</u> <u>Flint v. Beneficial Fin. I Inc.</u>, 2:12-CV-01675-GEB, 2013 WL 552622, at *1 (E.D. Cal. Feb. 12, 2013).

First, PCC's did not make its motion for attorney's fees in a separate motion. (<u>See</u> Doc. No. 38 (including request for attorney's fees under the FDCPA and the Court's inherent powers).) Second, PCC did not serve Boon with a motion for sanctions twenty-one days before filing the motion with the Court, as required by statute. (<u>See</u> Doc. No. 39 at 7); Fed. R. Civ. P. 11(c)(2). Contrary to PCC's assertion,

the filing of a motion to dismiss or in the alternative for summary judgment, (Doc. No. 26), does not satisfy the separate motion or safe harbor requirements of Rule 11. Cf. Winterrowd, 556 F.3d at 826. The Court determines that PCC's motion for Rule 11 sanctions is procedurally defective and without merit. Fed. R. Civ. P. 11(c).

## III.   PCC's Motion for Attorney's Fees Pursuant to the Court's Inherent Powers

"Under the bedrock principle known as the American Rule, each litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." Marx v. Gen. Revenue Corp., 133 S. Ct. 1166, 1175 (2013) (internal quotation marks and alterations omitted). "Notwithstanding the American Rule, however, we have long recognized that federal courts have inherent power to award attorney's fees in a narrow set of circumstances, including when a party brings an action in bad faith." Id. (citing Chambers v. NASCO, 501 U.S. 32, 43 (1991)).  Before a court may award sanctions under its inherent powers, the court must make an explicit finding that counsel's conduct constituted or was tantamount to bad faith. Mendez v. County of San Bernardino, 540 F.3d 1109, 1131 (9th Cir. 2008); see also Primus Auto. Fin. Servs. v. Batarse, 115 F.3d 644, 648 (9th Cir. 1997) (explaining that a finding of bad faith is critical when a party requests that the Court use its inherent powers to engage in fee-shifting). "Because inherent powers are shielded from direct democratic controls, they must be exercised with restraint and discretion."  Roadway Express, Inc. v. Piper, 447 U.S. 752, 764 (1980).

Furthermore, when a specific rule or statute provides a court with a mechanism to address litigation abuses, it is preferable to apply that rule or statute, rather than invoke the court's inherent powers. F.J. Hanshaw Enterprises, Inc. v. Emerald River Dev., Inc., 244 F.3d 1128, 1136-37 (9th Cir. 2001); see also Flint, 2013 WL 552622, at *2.

Here, the FDCPA, 15 U.S.C. § 1692k(a)(3), and Federal Rule of Civil Procedure 11 provide mechanisms to address any litigation abuses. PCC puts forward no facts to

demonstrate Boon acted in bad faith other than Boon's filing of the third amended complaint. Nor does PCC provide a reason for the Court to award attorney's fees using its inherent powers rather than under the statutory framework of the FDCPA and the Federal Rules of Civil Procedure. Accordingly, the Court declines to exercise its inherent powers to award attorney's fees. <u>Roadway Express</u>, 447 U.S. at 764; <u>F.J. Hanshaw</u>, 244 F.3d 1136-37.

## Conclusion

For the foregoing reasons, the Court denies Defendant's motion for attorney's fees and for sanctions.

**IT IS SO ORDERED**

DATED: April 10, 2014

Marilyn L. Huff, District Judge
UNITED STATES DISTRICT COURT